United States District Court
Middle District of Florida
Jacksonville Division

**HECTOR IVAN DIAZ,**

**Plaintiff,**

**v.** **NO. 3:26-CV-707-MMH-LLL**

**BLANCA ROSADO, ET AL.,**

**Defendants.**

---

## Report and Recommendation

Plaintiff, proceeding pro se, filed a sixth amended complaint on May 22, 2026, doc. 31; plaintiff also filed a renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 25, which I construe as a motion to proceed in forma pauperis. Plaintiff's motion, *id.*, has been referred to me for the issuance of a report and recommendation regarding an appropriate resolution. For the reasons discussed below, I respectfully recommend plaintiff's motion, *id.*, be denied and the sixth amended complaint, doc. 31, be dismissed.

## Background

Plaintiff initiated this lawsuit on March 25, 2026, by filing a complaint, doc. 1, in the Middle District of Florida, Tampa Division, Case No.: 8:26-cv-805-KKM-NHA. On that same date, plaintiff filed a motion to proceed in forma pauperis. Doc. 2. The Court denied plaintiff's motion, *id.*, and dismissed his complaint without

prejudice, explaining that the complaint was "replete with conclusory, vague, and immaterial facts . . . " and failed to include "a short plain statement of the claim . . . " making it an impermissible shotgun pleading. Doc. 3. The Court directed plaintiff to file an amended complaint correcting the identified deficiencies, and to either file a renewed motion to proceed in forma pauperis or pay the filing fee on or before April 9, 2026. *Id.* Later that same day, plaintiff filed his second amended complaint;[1] he also renewed his motion to proceed in forma pauperis. Docs. 4, 7.

The Court also entered an order directing the Clerk to transfer plaintiff's lawsuit from the Middle District of Florida, Tampa Division to the Jacksonville Division. Docs. 5, 8. On that same date, plaintiff filed a third amended complaint without leave of court. Doc. 6. Plaintiff subsequently filed multiple motions for reconsideration of the transfer order, which the Court denied. Docs. 10, 12, 17.

On April 10, 2026, plaintiff filed a fourth amended complaint, and a motion for leave to amend. Docs. 13, 14. Then, on April 16, 2026, plaintiff filed an additional "amended complaint."[2] Doc. 16. Thereafter, the Court granted plaintiff's motion for leave, doc. 17, making the "amended complaint," doc. 16, the operative pleading at that time. The Court then issued a report and recommendation, recommending

---

[1] Although this was plaintiff's first amended complaint, he incorrectly titled his pleading "Second Amended Complaint." *See* doc. 4.

[2] At this time, plaintiff had filed multiple amended pleadings but titled this iteration of his pleading "Amended Complaint."

plaintiff's renewed motion to proceed in forma pauperis, doc. 7, be denied and the "amended complaint," doc. 16, be dismissed. Doc. 18.

On May 12, 2026, following the issuance of the report and recommendation, plaintiff filed a sixth amended complaint, which was stricken for failure to obtain leave. Docs. 20, 23. The following day, plaintiff filed objections to the report and recommendation, doc. 22, a response in opposition to the report and recommendation, doc. 24, a renewed motion to proceed in forma pauperis, doc. 25, and supplemental financial information in support of his motion. Doc. 26.

Plaintiff also moved, for a final time, for leave to further amend his complaint. Doc. 27. The Court granted plaintiff leave, vacated its report and recommendation, and directed the Clerk to docket plaintiff's proposed Sixth Amended Complaint (amended complaint), which is now the operative pleading. Docs. 30, 31.

**Authority**

The Court undergoes a two-step inquiry when it considers a plaintiff's request to proceed as a pauper. First, under 28 U.S.C. § 1915(a)(1), the Court may permit a plaintiff to proceed without prepayment of fees if he demonstrates he is "unable to pay such fees or give security therefor." Second, the Court considers the plaintiff's allegations under section 1915(e)(2) to determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Further, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted).[3] District courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts invoke federal question jurisdiction when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "All plaintiffs must be diverse from all defendants" to establish federal diversity jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When determining whether a complaint "fails to state a claim on which relief may be granted" under section 1915(e)(2)(B)(ii), the Court applies the standard from Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*

[3] The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants". *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

*v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading containing "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—where a plaintiff files without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). A pro se litigant is subject to the same laws and court rules as an individual represented by counsel, including the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, "a litigant's *pro se* status in civil litigation . . . will not excuse mistakes [s]he makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The Court must give a pro se plaintiff an opportunity to amend her complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (internal quotations and citation omitted).

## Discussion

In line with the authority discussed above, I first review and evaluate plaintiff's financial condition. § 1915(a)(1). The Eleventh Circuit has held that when considering a motion for leave to proceed in forma pauperis, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted). While plaintiff represents in his financial affidavit that he earns $0 in monthly income, doc. 25 at 1, his supplemental financial information indicates he earns $2,506 per month in disability benefits. Doc. 26 ¶ 1. Plaintiff then specifies that his monthly expenses—including rent/mortgage, food, laundry, transportation and other necessities—total approximately $2,600 per month. *Id.* ¶¶ 4–5. Based upon the plaintiff's submitted affidavit and supplemental financial information, I find he is a pauper. *See* docs. 25, 26. Before his case can proceed, however, I must also evaluate plaintiff's amended complaint as required under § 1915(e)(2). Construing the amended complaint liberally, I find dismissal is warranted.

### I. Jurisdiction

Plaintiff alleges the Court can exercise subject-matter jurisdiction over his claims through its federal question jurisdiction. *See* doc. 31 ¶ 5. After review of the amended complaint, plaintiff brings one claim under 42 U.S.C. § 1983 (Count I) and four state-law claims (Counts II-V). *Id.* at 12–16. Because plaintiff's § 1983 claim arises out of the "laws . . . of the United States," plaintiff has invoked the Court's federal question jurisdiction. *Id.* ¶ 5; § 1331.

Because the Court has original jurisdiction over plaintiff's § 1983 claim, it may exercise supplemental jurisdiction over plaintiff's remaining state-law claims if those claims form part of the same case or controversy. 28 U.S.C. § 1367(a) ("[S]upplemental jurisdiction [exists] over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The "same case or controversy" requirement is satisfied when "the claims arise from the same facts, or involve similar occurrences, witnesses, or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

While plaintiff's allegations generally appear to arise from disputes with defendant Bianca Rosado (Rosado)—his former wife—his complaint does not clearly establish that his state-law claims arise from the same case or controversy as the § 1983 claim. *See generally* doc. 31. Plaintiff's § 1983 claim (Count I) concerns whether defendant officers had "adequate probable cause" to arrest plaintiff. *Id.* ¶¶ 59–61. By contrast, Count III alleges tortious interference with plaintiff's employment relationship based on allegations that Rosado withheld "employment correspondence[s]" and communicated false information that "contributed to plaintiff's termination." *Id.* ¶¶ 72–73. Count IV concerns the alleged conversion of plaintiff's personal and work-related property after being "effectively displaced from the marital residence." *Id.* ¶¶ 39, 42. Count V alleges "third parties" published

defamatory statements through online fundraising campaigns, accusing plaintiff of misconduct and abuse. *Id.* ¶¶ 55, 84.

Counts III-V relate to injuries to plaintiff's employment, property, and reputation rather than the circumstances surrounding his arrest. At most, the complaint suggests Rosado is the common thread among these claims. However, that shared factor, without more, does not establish that Counts III-V arise from the same facts or involve "similar occurrences, witnesses, or evidence," as the § 1983 claim. *See Hudson*, 90 F.3d at 456 (finding no supplemental jurisdiction where the state-law claim was "completely unrelated" to the federal claims and the claims shared only one factor in common, which did not provide a "sufficient nexus" between them).

Although not entirely clear from the amended complaint, plaintiff's malicious prosecution claim (Count II) bears a closer relationship to the § 1983 claim because plaintiff alleges Rosado "knowingly initiated or caused criminal proceedings" based on the same events as his alleged false arrest. Doc. 31 ¶ 65. Because both claims arise from the same underlying events surrounding plaintiff's arrest, Count II likely forms part of the same case or controversy as the § 1983 claim and therefore likely falls within the Court's supplemental jurisdiction. *Woodard v. Town of Oakman, Ala.*, 970 F. Supp. 2d 1259, 1278 (N.D. Ala. 2013)[4] (exercising supplemental jurisdiction over state-law malicious prosecution claims when "the same facts that g[a]ve rise to the Federal §

---

[4] The Court notes that although decisions of district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

1983 . . . claim[] . . . underlie the state law malicious prosecution claims . . . ”). Therefore, the Court likely has supplemental jurisdiction over Count II, but the amended complaint does not clearly establish supplemental jurisdiction over Counts III-V.[5]

## II. Plaintiff's amended complaint is a shotgun pleading

Plaintiff's claims arise from a violent altercation that occurred on February 2, 2023, that resulted in Rosado's arrest. Doc. 31 at 5. Plaintiff alleges, after being arrested, Rosado filed a meritless injunction against him and made false police reports. *Id.* ¶¶ 19, 23, 25–26. According to plaintiff, Rosado's false police reports resulted in his arrest, although he was ultimately acquitted of all charges. *Id.* ¶¶ 27, 32.[6] Plaintiff further asserts that Rosado's alleged harassment is ongoing, as she allegedly contributed to his termination from employment and the loss of his property. *Id.* ¶¶ 37–38, 39–43, 47. Additionally, plaintiff alleges that third parties published false statements about him, thereby harming his reputation. *Id.* ¶¶ 53–56.

Plaintiff now brings a five-count complaint alleging a variety of claims, including a claim under 42 U.S.C. § 1983, and several claims under Florida law, including malicious prosecution, tortious interference with an employment

[5] Because plaintiff does not sufficiently invoke the Court's subject-matter jurisdiction over Counts III–V, those claims are subject to dismissal on that basis alone. However, in an abundance of caution and to ensure a thorough analysis, the Court evaluates the sufficiency of all plaintiff's claims.

[6] Plaintiff does not allege what charges were brought against him other than aggravated stalking. *See* doc. 31 ¶ 27.

relationship, conversion, and defamation. *Id.* at 12–16. Construing the amended complaint liberally, I find it violates the Eleventh Circuit's prohibition against shotgun pleadings. *See Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also provides that "[i]f doing so *would promote clarity*, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* (emphasis added). Rules 8 and 10:

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Fikes v. City of Daphne,* 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often

disparagingly referred to as 'shotgun pleadings.'" *Weiland,* 792 F.3d at 1320. Shotgun pleadings are "altogether unacceptable," and "exact an intolerable toll on the trial court's docket, lead to unnecessary and the unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has opined that all shotgun pleadings share one unifying characteristic, "they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

There are four categories of shotgun pleadings: 1) a complaint which contains multiple counts where each count adopts the allegations of all preceding counts; 2) a complaint "guilty of the venial sin" of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; 3) a complaint which does not separate into a different count each cause of action or claim for relief; and 4) a complaint which asserts multiple claims against multiple defendants without specifying which defendants are responsible for which act or omission. *See id.* at 1321–23.

The amended complaint constitutes a shotgun pleading because it (1) contains numerous conclusory, vague, and immaterial factual allegations and (2) incorporates all factual allegations into every count. Although plaintiff attempted to cure the deficiencies identified in his prior complaint by expanding the factual allegations through numerous subheadings, *see generally* doc. 31, the amended complaint remains

deficient, as it is "replete with conclusory, vague, [or] immaterial facts." *Weiland*, 792 F.3d at 1321–23.

For example, plaintiff alleges that "certain communications and conduct underlying the criminal allegations were permitted under the injunction order." Doc. 31 ¶ 28. This allegation is conclusory and vague because it fails to provide supporting factual details regarding what communications and conduct were authorized under the injunction. *See Weiland*, 792 F.3d at 132; *Fikes*, 79 F.3d at 1082. Plaintiff also alleges Rosado "filed multiple police reports concerning plaintiff," and these reports resulted in him "being arrested and incarcerated." Doc. 31 ¶¶ 26, 29. However, the complaint fails to describe the substance of those reports or the factual details surrounding plaintiff's arrest. These allegations are therefore too vague for the Court to determine the underlying factual basis of plaintiff's claim. *See Fikes*, 79 F.3d at 1082. Similarly, plaintiff's allegations that personal property was removed from the home, and that he was displaced from the home are deficient. Doc. 31 ¶¶ 40, 42. Although plaintiff alleges his property was removed by "third parties," he fails to provide sufficient factual details identifying who, when, or how the property was removed. *Id.* ¶ 47; *see Weiland*, 792 F.3d at 1321. The remainder of the amended complaint contains similar conclusory and vague allegations regarding defendants' alleged liability. *See* doc. 31 at 8, 11.[7]

---

[7] Plaintiff also bring claims against "John Doe Officers" and "John Doe Defendants." Doc. 31 ¶¶ 16-17. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A plaintiff may proceed against a fictitious defendant only when the "description [is] sufficiently clear . . . " for identification and service of process, *see Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992), however, plaintiff does not include any such description here.

The amended complaint also reincorporates all factual allegations into every count. *See id.* ¶¶ 58, 64, 70, 76, 83. This makes it unnecessarily difficult for the Court to determine what factual allegations relate to each claim. For example, Count I realleges allegations that Rosado interfered with plaintiff's employment, yet the complaint does not explain nor is it clear to the Court how those allegations relate to plaintiff's false arrest claim. *Id.* ¶ 58. When there is no effort to "connect or separate which of [the] . . . factual allegations relate to a particular count," the complaint is a shotgun pleading replete with immaterial facts not obviously connected to the causes of action. *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021); *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (describing a complaint in which four counts incorporated all 43 numbered paragraphs of factual allegations, many of which appeared to relate to only one or two counts, as "an all-too-typical shotgun pleading").

Lastly, the exhibits attached to the amended complaint further demonstrate the shotgun nature of plaintiff's pleading. While plaintiff includes nearly 500 pages of exhibits to supplement his claims, *see* doc. 6,[8] "to force the parties and the court to sift through an additional [500] pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2)." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). "Despite the leniency afforded pro se plaintiffs, the district court does not have

[8] Plaintiff incorporates by reference the exhibits previously filed with his third amended complaint. *See* doc. 31 at 21 (referencing doc. 6).

license to rewrite a deficient pleading." *Id.* Therefore, plaintiff's reliance on hundreds of pages of exhibits does not cure his pleading deficiencies but further demonstrates that it is an impermissible shotgun pleading. *Weiland*, 792 F.3d at 1320. Thus, based on the above, plaintiff's amended complaint violates the Eleventh Circuit's prohibition on shotgun pleadings.

While typically a pro se plaintiff must be given a chance to amend their complaint to cure deficiencies, plaintiff has attempted to do so multiple times, and I find justice does not require him to be given a seventh opportunity to amend.[9] *See Silva*, 351 F.3d at 1048. Plaintiff was previously advised that his complaint was deficient and directed to refile an amended complaint setting forth the factual basis for his claims. Doc. 3. However, as identified above, plaintiff's amended complaint still constitutes an impermissible shotgun pleading. Because the previously addressed deficiencies within the complaint persist, I recommend the amended complaint, doc. 31, be dismissed.

**Recommendation**

I respectfully **recommend**:

1. Plaintiff's renewed motion to proceed in forma pauperis, doc. 25 be **denied**.

[9] As noted in the Court's "Background" section, on March 26, 2026, plaintiff's motion to proceed in forma pauperis was initially denied and his complaint was dismissed with leave to amend. Since then, plaintiff has amended his complaint six times, docs. 4; 6; 14; 16; 20; 31, with the Court granting leave only for the final amended complaint, doc. 31. A review of the filings shows that all iterations of the complaint contain similar deficits.

2. Plaintiff's sixth amended complaint, doc. 31, be **dismissed without prejudice, all pending motions be terminated**, and the Clerk be directed to **close** the file.

**Entered** in Jacksonville, Florida, on July 28, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

**Notice**

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Marcia Morales Howard, Chief United States District Judge
Hector Ivan Diaz, pro se plaintiff

1315 Oakfield Drive, Unit 320

Brandon, FL 33511